Matter of the ESTATE OF JACQUES S. HALLE, Deceased.

(Surrogate's Court, New York County, June, 1918.)

Transfer tax — what subject to — partnership — good-will — evidence.

> The interest of a decedent in the good-will of the business of a firm is subject to a transfer tax although the partnership agreement provides that such good-will, for the purpose of determining his interest in the assets of the firm, shall be deemed of no value.
>
> The question whether the business has a good-will can only be determined upon evidence showing how long the firm had been engaged in the business, the extent to which it was known to the trade or the public, its location in regard to conspicuousness and permanency, and its reputation for business dealings.
>
> To ascertain the value of the good-will the books of the company should be examined, and the average profits for the four years preceding the date of decedent's death ascertained; the number of years by which the average net profits for said four years is to be multiplied, in order to ascertain the value of the good-will, depends upon the evidence adduced in connection with the elements of good-will.

APPEAL from an order assessing the transfer tax.

Carns, Leventritt & Goetz (William L. Carns, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S.   While the notice of appeal enumerates four separate points, it really raises but one question : Did the firm of Halle & Stieglitz, of which the decedent

was a member, have a good-will? and, if so, did the decedent's interest in such good-will constitute a taxable transfer? The determination of this question requires an examination of the articles of copartnership and a consideration of the nature of the business transacted by the firm.

The decedent died on the 30th of November, 1916. The firm of Halle & Stieglitz was engaged in business in this city as stockbrokers, and the decedent had an interest in the business which has been appraised at $2,383,784, and was entitled to forty per cent of the profits. An affidavit of the surviving partner was submitted to the appraiser in which it was alleged that there were written articles of copartnership and that they provided as follows: " For the purpose of determining the interest of any member of the firm in the firm's assets in the event of death, a dissolution of the partnership or any other event, the good will of the business of the copartnership hereby formed shall be deemed to be of no value." No objection to the introduction in evidence of the affidavit containing this quotation was made by the representative of the state comptroller, and no demand was made for the production of the original articles of copartnership. In the absence of objection, therefore, the affidavit must be considered by this court in determining whether the decedent's interest in the good-will of the business is taxable.

In view of the decision of the Court of Appeals in *Matter of Orvis,* 223 N. Y. 1, it sems to me that the interest of a decedent in the good-will of a business of which he was a partner is taxable notwithstanding a provision in the partnership agreement that such good-will shall be deemed to be of no value. In the *Orvis* case two partners set aside a fund of $500,000 from the surplus profits of the business and agreed

that the entire fund should go to the survivor. The court held that the one-half interest which went to the surviving partner upon the death of the other was taxable. And in *Matter of Cory,* 177 App. Div. 871; affd., 221 N. Y. 612, it was held that an agreement between two brothers, to the effect that upon the death of either the survivor would have the right to purchase from the representatives of the deceased his shares of stock in a certain company at $60 a share, did not prevent the state of New York from ascertaining the market value of such shares and assessing a tax on the value so ascertained.

It would seem, therefore, that the agreement of the decedent and his partner, to the effect that upon the death of either his interest in the good-will of the business should be deemed to be of no value, does not prevent the state of New York from ascertaining whether such good-will had a market value and from assessing a tax upon the value so ascertained against the surviving partners or the other persons who were the beneficiaries thereof.

It is contended by the executors that the business did not have a good-will. This question can only be determined upon evidence showing the length of time the firm has been engaged in that business, the extent to which it was known to the trade or the public, its location in regard to conspicuousness and permanency, and its reputation for business dealings. There is no evidence in the appraiser's report concerning these elements of good-will, and the appraiser therefore erred in assuming as a matter of law that the firm has no good-will.

For the purpose of ascertaining the value of the good-will the books of the company should be examined by the appraiser or by an accountant, and the average profits for the four years preceding the date of

decedent's death ascertained. The number of years by which the average net profits for the four years is to be multiplied in order to ascertain the value of the good-will depends upon the evidence which may be adduced before the appraiser in connection with the elements of good-will already referred to.

The order fixing tax will be reversed and the appraiser's report remitted to him for the purpose of appraising the value of the decedent's interest in the good-will of the business conducted by the firm of Halle & Stieglitz.

Order reversed.